IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GAIL STONE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Civ. No. 1:06CV00561 |
| DISCOVERY COMMUNICATIONS, INC. | ) ) |
|     Defendant. | )   Judge Paul L. Friedman ) ) |

**DEFENDANT DISCOVERY COMMUNICATIONS, INC.'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES AGAINST PLAINTIFF GAIL STONE**

Discovery Communications, Inc. ("DCI" or "Defendant"), by and through the undersigned attorneys and in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Gail Stone ("Plaintiff") as follows:

**INTRODUCTION**

For ease of reference, Plaintiff's Complaint has been re-numbered, and is attached as Exhibit 1 to DCI's Answer.

**FACTUAL ALLEGATIONS**

**COUNT I**

1. DCI denies each and every allegation contained in paragraph 1 of the Complaint, except admits that plaintiff seeks relief based on the statutory provisions cited therein.

**COUNT II**

2. DCI denies each and every allegation contained in paragraph 2 of the Complaint, except admits that plaintiff seeks relief based on the statutory provisions cited therein.

## COUNT III

3.   DCI denies the allegations in paragraph 3 of the Complaint.

## COUNT IV

4.   DCI denies the allegations in paragraph 4 of the Complaint.

5.   DCI is without sufficient knowledge to admit or deny the allegations in paragraphs of the Complaint and therefore denies same.

6.   DCI is without sufficient knowledge to admit or deny the allegations in paragraphs of the Complaint, and therefore denies same.

7.   DCI is without sufficient knowledge to admit or deny the factual allegations in paragraph 7 of the Complaint, and therefore denies the factual allegation.

8.   DCI is without sufficient knowledge to admit or deny the factual allegations in paragraph 8 of the Complaint, and therefore denies same.

9.   DCI admits that Plaintiff was employed by the Discovery Channel Store, located at 601 F. Street, Washington D.C., 20009. DCI admits that Plaintiff was hired on November 24, 1998 as a Sales Associate.

10.   DCI admits that Mr. Richard Eckert is a white male, and that he was employed at the Discovery Channel Store as of August 17, 1999. DCI denies that Mr. Eckert was 59 years old as of August 17, 1999. DCI denies that Mr. Eckert was a Floating Supervisor, or any other type of Supervisor. DCI is without sufficient knowledge as to whether Mr. Eckert was moved from the fourth floor insofar as the allegation does not contain a date restriction, and therefore denies the allegation. DCI denies that Mr. Eckert was ever moved from a sales floor while employed at the Discovery Channel Store due to lack of sales.

11.  DCI denies the allegation in paragraph 11.

12.  DCI admits that Ms. Brigitte Herbert was general manager of the Discovery Channel Store at all times relevant to Plaintiff's employment. DCI is without sufficient knowledge to admit or deny whether Mr. Eckert was moved from the third floor insofar as the allegation does not contain a date restriction, and therefore denies the factual allegation. DCI denies the factual allegation that Mr. Eckert was not a team worker.

13.  DCI is without sufficient information to admit or deny whether Mr. Eckert was moved from the fourth to the first floor in August of 1999, and therefore denies the allegation. DCI denies that Mr. Eckert was moved from the fourth to the first floor by Ms. Herbert due to lack of sales.

14.  DCI denies that Plaintiff was sexually harassed by Mr. Eckert or any other DCI employee while Plaintiff was employed by the Discovery Channel Store. DCI denies that Mr. Eckert's permanent work place was on the fourth floor of the Discovery Channel Store insofar as sales associates are not permanently assigned to the floors on which they work. DCI is without sufficient knowledge to admit or deny whether Mr. Eckert worked on the fourth floor about six hours a day insofar as the allegation does not contain a date restriction, and therefore denies the factual allegation.

15.  DCI is without sufficient information to admit or deny that on July 17, 1999, Ms. Herbert moved Mr. Eckert to the first floor of the Discovery Channel Store, and therefore denies the allegation. DCI denies that Plaintiff was harassed by Mr. Eckert at any time from August 1999 until February 18, 2000. DCI admits that on January 19, 2000, Plaintiff reported to management that while outside her presence, and while speaking with a coworker, Gail Yarbrough, Mr. Eckert referred to Plaintiff as a "slut". Although Plaintiff did not indicate that

Mr. Eckert's calling her a derogatory name created a hostile work environment based on sex, or that she viewed herself as complaining of sexual harassment, DCI admits that she made a complaint about Mr. Eckert to Discovery Store's management.

16. DCI denies the factual allegations in paragraph 16 of the Complaint.

17. DCI admits that the Discovery Channel Store hired Mr. Samuel Harewood, a black male, but denies that he was hired on November 1, 1999. DCI denies that Mr. Harewood was twenty-five years old as of November 1, 1999. DCI records indicate that Mr. Harewood was hired on October 25, 1999. DCI denies that Mr. Harwood was hired as a "first floor manager" inasmuch as his official title was Assistant Manager.

18. DCI denies the factual allegations in paragraph 18 of the Complaint.

19. DCI denies the factual allegations in paragraph 19 of the Complaint.

20. DCI denies the factual allegations in paragraph 20 of the Complaint.

21. DCI denies the factual allegations in paragraph 21 of the Complaint.

22. DCI denies the factual allegations in paragraph 22 of the Complaint.

23. DCI admits that on January 19, 2000, Plaintiff reported to management that while outside her presence, and while speaking with a coworker, Gail Yarbrough, Mr. Eckert referred to Plaintiff as a "slut". Although Plaintiff did not indicate that Mr. Eckert's calling her a derogatory name created a hostile work environment based on sex, or that she viewed herself as complaining of sexual harassment, DCI admits that she made a complaint about Mr. Eckert to Discovery Store's management on that date. DCI admits that Ms. Brigitte Herbert, then General Manager, and Kris Lozupone, then Assistant General Manager, interviewed several associates regarding the incident, including Mr. Eckert. DCI admits that Mr. Eckert admitted to calling Plaintiff a "slut" on the one occasion. DCI admits that store management called both Plaintiff

and Mr. Eckert into the management office to discuss the company policy on misconduct and harassment. DCI admits that Mr. Eckert received a final written warning regarding his comment to Plaintiff. Mr. Eckert signed the warning, and also apologized to Plaintiff for making the derogatory comment. DCI is without sufficient knowledge to admit or deny whether Mr. Harewood, Ms. Yarbrough and/or Plaintiff discussed filing a charge with the Office of Human Rights with respect to Mr. Eckert, and therefore denies the factual allegation.

24. DCI admits that Mr. Eckert admitted in a January 19, 2000 meeting with management that he called Plaintiff a derogatory name on one occasion.

25. DCI is without sufficient knowledge to admit or deny whether Ms. Herbert was asked to move to the third floor on January 19, 2000, and therefore denies the factual allegation. DCI admits that Mr. Eckert offered to be reassigned to the third floor pursuant to a "cooling off" period between Plaintiff and Mr. Eckert subsequent to the January 19, 2000 meeting with management. DCI admits that Mr. Eckert was temporarily reassigned to the third floor for three weeks. DCI admits that Ms. Herbert did ask Plaintiff to move to the third floor on February 18, 2000, and Plaintiff refused to move.

26. DCI denies the factual allegations in paragraph 26 of the Complaint.

27. DCI admits that on January 19, 2000, Mr. Eckert admitted a single incident where he referred to Plaintiff as a "slut" when speaking to Gail Yarbrough. DCI admits that Ms. Brigitte Herbert, then General Manager, and Kris Lozupone, then Assistant General Manager, interviewed several associates regarding the incident, including Mr. Eckert. DCI is without sufficient knowledge to admit or deny whether Mr. Eckert inquired about a management position during the interview, and therefore denies the allegation.

28. DCI admits that Ms. Herbert asked Ms. Stone to move to the third floor on February 18, 2000. DCI admits that Plaintiff refused to be reassigned to the third floor, despite being informed that her refusal to do so would be considered insubordination and would result in her termination. DCI admits that Plaintiff was subsequently terminated for insubordination.

29. DCI denies the factual allegations in paragraph 29.

30. DCI is without sufficient information to admit or deny whether Mr. Eckert wrote, Gail Yarbrough, a Discovery Store sales associate, a letter on January 27, 2000, and therefore denies the factual allegation.

31. DCI is without sufficient information as to whether Ms. Stone went home sick on February 16, 2000. DCI admits that store management filed a report with Human Resources on February 15, 2000, regarding a store incident where Plaintiff left her shift before it was over because she refused to work with Mr. Eckert. DCI is without sufficient knowledge as to whether, on February 16, 2000, Plaintiff spoke via telephone with other Discovery Store employees who remained at work, and therefore denies the factual allegations.

32. DCI denies the factual allegations in paragraph 32 of the Complaint.

33. DCI admits that on January 19, 2000, Plaintiff reported to management that while outside her presence, and while speaking with a coworker, Gail Yarbrough, Mr. Eckert referred to Plaintiff as a "slut". DCI admits that during a meeting with management that same day Mr. Eckert admitted to calling Plaintiff by the derogatory name on the one occasion.

34. DCI admits that on January 24, 2000, Ms. Brigitte Herbert sent Plaintiff a memorandum Re "Company Policy on Misconduct and Harassment," in which Plaintiff was advised of the investigation and response to her complaint regarding Mr. Eckert, dated January 19, 2000. DCI admits that this memorandum also reminded Plaintiff of previous discussions

6

management has had with Plaintiff in which Plaintiff had been advised that her discussion of religious beliefs had caused discomfort to coworkers, and that this behavior must stop. DCI denies that the Ms. Herbert, then General Manager, told Plaintiff that she "didn't know what harassment was", and denies that Ms. Herbert called Plaintiff "stupid."

35.   DCI admits that Mr. Eckert reported to his supervisor that on several occasions, he witnessed Plaintiff leave early and return late from lunch. DCI admits that Mr. Eckert also reported to his supervisor that he observed Plaintiff clock back in from lunch, and then proceed to sit back down and continue eating for fifteen minutes. DCI is without sufficient knowledge to admit or deny whether management told Ms. Stone that her hours would be reduced, and therefore denies the factual allegation.

36.   DCI denies the factual allegations in paragraph 36 of the Complaint.

37.   DCI admits that Mr. Eckert admitted to calling Plaintiff a "slut" on one, specific occasion. DCI denies the factual allegation in paragraph 37 that Mr. Eckert "constantly" referred to Plaintiff in a derogatory manner. DCI is without sufficient knowledge to admit or deny whether Mr. Eckert made statements about Plaintiff's religion, and therefore denies the allegations. DCI denies the remainder of the factual allegations in paragraph 37 of the Complaint.

38.   DCI denies the factual allegations in paragraph 38 of the Complaint.

39.   DCI admits that Mr. Eckert apologized to Plaintiff on January 19, 2000 for making one derogatory comment concerning Plaintiff. DCI admits that Mr. Eckert also received a final written warning regarding his derogatory comment regarding Plaintiff which he signed. DCI is without sufficient knowledge to admit or deny management's actions as alleged insofar as the paragraph does not contain a date restriction, and therefore denies the factual allegations.

40. DCI denies that Discovery Store management told Plaintiff that she would "need to be punish[ed]" for her behavior. DCI denies that Plaintiff's work was severely affected by any conversation with Discovery Store management held on February 16, 2000. DCI is without sufficient information to admit or deny whether Plaintiff received permission to go home sick on February 16, 2000. DCI admits that store management filed a report with Human Resources on February 15, 2000 with respect to a store incident where Plaintiff left her shift before it was over because she refused to work with Mr. Eckert. DCI denies that Discovery Store management told other first floor employees that they would be fired if they spoke with Plaintiff. DCI is without sufficient information to admit or deny whether Plaintiff was too sick to work her second job, and therefore denies the factual allegation.

41. DCI denies the factual allegations in paragraph 41 of the Complaint.

42. DCI denies the factual allegations in paragraph 42 of the Complaint.

43. DCI denies the factual allegations in paragraph 43 of the Complaint.

44. DCI denies the factual allegations in paragraph 44 of the Complaint.

45. DCI denies the factual allegations in paragraph 45 of the Complaint.

46. DCI denies the factual allegations in paragraph 46 of the Complaint.

47. DCI denies the factual allegations in paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

DCI denies that Plaintiff is entitled to any of the relief demanded in her Complaint, and/or any relief whatsoever. As for separate affirmative defenses to the Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, DCI alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The allegations in the Complaint fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages on the claims of discrimination and/or retaliation because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, DCI has engaged in good faith efforts to comply with all laws prohibiting discrimination and/or retaliation in employment.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times hereto, including prior to the allegations that form the basis of Plaintiff's claims, DCI exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative and/or corrective measures provided by DCI or to avoid harm otherwise.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages in this action based on state law claims and the right to recover compensatory and/or punitive damages on federal claims is barred and/or limited pursuant to 42 U.S.C. § 1981a(b).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate her purported damages.

### SEVENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff's request for relief is barred in whole or in part by the after-acquired evidence doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, DCI intends to rely on the affirmative defense of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

To the extent that DCI's actions were motivated, in part, by unlawful reasons (which DCI denies), DCI would have taken the same actions with respect to Plaintiff for legitimate, non-discriminatory reasons.

### TENTH AFFIRMATIVE DEFENSE

DCI is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee that were beyond the scope of employment.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods and/or by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of an action under federal and/or state laws.

### TWELFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, as to any matters: (i) not contained in Plaintiff's administrative charge; (ii) for which no right to sue letter has been issued and/or (iii) for which plaintiff failed to exhaust administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

DCI's actions were in good faith and were without malice or reckless indifference, and without any discriminatory and/or retaliatory animus.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived any right to object to, and has consented and acquiesced in, any and all alleged acts of DCI and its officers, directors, agents and employees.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred by the District of Columbia's Workers' Compensation Act, D.C. Code §§ 32-1501, *et. seq.* (1999).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to posit allegations of harassment sufficiently severe or pervasive to alter conditions of employment and create a hostile work environment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages violates due process requirements of the Fourteenth Amendment of the United States Constitution and the Fifth Amendment of the District of Columbia Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The actions of DCI with respect to Plaintiff were taken for legitimate, non-discriminatory and/or non-retaliatory reasons.

DCI reserves the right to assert additional defenses as discovery proceeds.

WHEREFORE, having fully answered the Complaint, DCI respectfully prays that this Honorable Court enter judgment:

(1)   Dismissing the Complaint with prejudice;

(2)   Denying Plaintiff any of the relief for which she prays; and

(3)   Granting DCI such other and further relief as the Court may deem just and proper, including DCI's attorneys' fees, costs and other expenses.

Dated: April 17, 2006

Respectfully submitted:

By: _____
Lawrence Z. Lorber (DC Bar No.103127)
Meredith C. Bailey (DC Bar No. 494476)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
Telephone: (202) 416.6800
Facsimile: (202) 416.6899

*Counsel for Defendant Discovery Communications, Inc.*