RECEIVED

JUN 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case 1:06-cv-00561-PLF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

GAIL STONE,          )
                     )
          Plaintiff, )
                     )
     v.              )          Civ. No. 1:06CV00561
                     )
DISCOVERY COMMUNICATIONS, INC.  )
                     )          Judge Paul L. Friedman
          Defendant. )
                     )
                     )

# AMENDMENT:

**Dear Honorable Judge: Paul L. Friedman:**

I am asking for the correction of some error or mistake in a pleading already before the court. The parties did not conferred via on May 16 and 18, whereupon we did not agreed as the follows:

Lawyer Meredith C. Bailey said all said wanted to hear and would listen to was the amount that it would take to make this case go away. This was the conversations we had on May 16 etc.

We did not discuss Local Rule 16.3 because she refuse to and I asked her twice but she said the next time I hear for you,,I only will listen to the amount and nothing else.

*Gail B. Stone*

June 20, 2006

### DEFENDANT DISCOVERY COMMUNICATIONS, INC.'S
### MEET AND CONFER STATEMENT PURSUANT TO LOCAL RULE 16.3

Defendant Discovery Communications, Inc. ("DCI"), by and through the undersigned

attorneys, and in accordance with the Federal Rules of Civil Procedure and the Local Rules of

the United States District Court for the District of Columbia, hereby makes the following report

pursuant to Local Rule 16.3 and the Court's scheduling order of April 24, 2006.  The parties

conferred via telephone on May 16 and 18, whereupon it was agreed as follows:

(1)      Defendant, by and through its counsel, intends to file a motion for judgment on the

pleadings and/or motion for summary judgment, which is likely to be dispositive of all claims

against Defendant.  Defendant requests that all discovery be postponed pending the resolution of

any dispositive motions filed by the parties;

(1) should not be granted.

(A) The Defendant requests that all

discovery be postponed pending the

resolution of any dispositive motions.

(B) Should not be granted because it is

the Defendant who is refusing to talk

to me about Local Rules 16.3.

(C) Lawyer Bailey said she don't have the

time.

2

(D) May 16 and 18 where upon was no agreement. On May 15 Lawyer Meredith Bailey left a message on my Answer machine stating she wanted to talk about a settlement. I tried to talk to her about some concern I had of Rule 16.3 she said she didn't want to hear, she didn't have the time.

(E) I said to her that I would get back with her by phone in a few days with the amount because she said that she didn't want to hear any thing from me but how much I want to make this case go away.

3

(F) She made it very Clear to me, and I repeated what She Said and She Said that's right, I will talk to you about nothing else.

(G) I Let my Sister hear the message and a Friend a Police officer hear the message about how much would it Cost for me to Settle.

(H) I called her and She said DCI would give me $ 15,000,00 this I disagreed with that little amount. I asked For $300,000,00

Because I have lose almost that amount from not Working. I payed DCI Great West insurance for disability. Great West

4

insurance stated that my disability Insurance that I payed for was lose because I was Fired. My Job was terminated.

(I) This was our last Conversation until 6-19-06 12:00 pm. I asked her Why would She Filed a documentation that She Know is False and I get's it a month late.

(J) Lawyer Bailey Said She sent two Kinds of Mail to me. I said to her I Just received this one today 6-19-06 my 53 brithday She Said Happy Brithday. the papers I received today was May 19-06. on June 19-06 and I received the Slip paper from the Post man Saturday Evening 6-17-06.

5

(K) on page one

Dear Judge Friedman:

I disagree with any motion of the Defendant requests in number (K) Lawyer Bailey do not want to discuss the meet and confer statement Pursuant to Local Rule 16.3 with me and she have not and I asked her to.

(2)    The parties were unable to agree upon or narrow any factual and/or legal issues;

(1) A Lawyer Bailey said she didn't want to hear any thing but what it would take to make this case go away.

(B) She said that is all I want to hear from you.

(C) She said when you call that is all she will listen to.

7

(3)     Neither party wishes to elect to proceed before the United States Magistrate Judge;

(3)(A) I didn't agree to this, I need
Lawyer Bailey to explain this Statment
because the last time I talk to her
before 6-19-06 12:00pm  She said that
was where She would See me in front
of the Judge.

(8)(A) Lawyer Barley ask me how much
would it cost for the case to go away
and I asked her How much is DCI
willing to pay. She wanted me to Say
my amount First, So I Said $300.000.00

(B) I Said Because of the money I lost
for work. Lawyer Bailey said you don't

8

(4)    The parties do not believe that settlement would be feasible at this time;

expect for DCI to pay you for all
the time you was out of work and I
said then what is DCI willing to pay,

(C) She said $1,500.00 I thought to pay
$100,000.00, 15.000.00 I thought she said
$15,000.00. she said NO $1,500.00. I said
to her that is what they offer me
in the year 2000.

It is not Feasible for me to even
except $1,500.00.

9

(5)     The parties do not request ADR conference; and

(5) I disagree with DCI Lawyer Bailey Statement in number 5 ADR Conference. I didn't tell her that I can'nt get Lawyer Bailey to talk to me about Local Rule 16.3.

I need a ADR Conference, Maybe than I could make some request, Number 5 is False. I am now requesting a ADR conference.

GAIL STONE,

     Plaintiff,

     v.

DISCOVERY COMMUNICATIONS, INC.

Civ. No. 1:06CV00561

Judge Paul L. Friedman

10

(6) The parties do not agree to stipulate to dispense with the initial disclosures

I didn't take any Medicine today or yesterday, I take pain medicine some time.

(6)(A) I disagree with number 6.

DCI Lawyer Bailey

Number (6) is definitely is wrong

(B) I talk by phone with DCI Lawyer Bailey. I explain to her how Belitting it is for DCI to offer me $1,500.00

(C) I said to her I have spend more than that on this case.

(D) Lawyer Bailey said that was Just some they said as if they didn't really mean it.

(E) But Why would you say that. I would settle but not for $1.500.00. Number (6) is something DCI Lawyer Bailey want, 11

(6)    The parties do not agree to stipulate to dispense with the initial disclosures

I didn't take any Medicine today or yesterday, I take pain medicine Some time.

(E) But Why would you say that. I would settle but not for $1,500.00. Number (6) is something DCI Lawyer Bailey want, and sense there is on Settlement I still Want a trail by Jury, that will help me.

I am requesting economic damages, emotional damages and Punitive Damages

I am asking that the court grant me a Lawyer for Free. Of pay after Settlement.

Sincerely
Gail B. Stone
Gail B. Stone

GAIL STONE,                          )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Civ. No. 1:06CV00561
                                     )
DISCOVERY COMMUNICATIONS, INC.       )
                                     )        Judge Paul L. Friedman

12